# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARKHAM SPEROS, | CASE NO. 11cv1850 DMS (NLS) |
|---|---|
| Plaintiff, | |
| vs. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| BANK OF AMERICA N.A., et al., | |
| Defendants. | **[Docket No. 11]** |

This case comes before the Court on Defendants Bank of America, N.A., ReconTrust Company, N.A. and The Bank of New York Mellon's motion to dismiss Plaintiff's Complaint. Plaintiff filed an opposition to the motion, and Defendants filed a reply. For the reasons discussed below, the Court grants Defendants' motion.

## I.
## BACKGROUND

Plaintiff Markham Speros alleges he is the rightful owner of real property located at 443 Rosemont Street, San Diego, California. On August 3, 2005, Plaintiff obtained a loan from Guaranty Bank to purchase the property. On October 18, 2010, Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary of the Deed of Trust held by Guaranty Bank, filed a Substitution of Trustee and Assignment of Deed of Trust in the San Diego County Recorder's Office, substituting Defendant ReconTrust Company, N.A. as Trustee, and assigning its interest in the Deed of Trust to Defendant

1  Bank of New York Mellon. Prior to filing the Substitution of Trustee, Defendant ReconTrust filed a
2  Notice of Default and Election to Sell Under Deed of Trust on the Rosemont Street property. On July
3  28, 2011, Defendant ReconTrust filed a Notice of Trustee's Sale on the Rosemont Street property, which
4  scheduled the sale for August 19, 2011.

The day before the scheduled sale, Plaintiff, proceeding *pro se*, filed the present case. In his Complaint, Plaintiff alleges fraud, violation of the Real Estate Settlement and Procedures Act ("RESPA"), wrongful foreclosure, fraudulent assignment, quiet title and declaratory judgment.

## II.

## DISCUSSION

Defendants move to dismiss the Complaint in its entirety. They argue each of Plaintiff's claims fails to state a claim for relief. Plaintiff disputes Defendants' arguments and opposes dismissal of his Complaint.

**A.   Standard of Review**

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

In this case, the Court approaches its task of deciding the motion to dismiss while keeping in mind the admonition from the Supreme Court that "[a] document filed *pro se* is 'to be liberally

1 construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards
2 than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting
3 *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal citations omitted). That Plaintiff is proceeding
4 *pro se* does not relieve Defendants of their burden to show that dismissal is appropriate. *See Abbey v.*
5 *Hawaii Employers Mutual Ins. Co.*, No. 09-000545 SOM/BMK, 2010 WL 4273111, at *4 (D. Hawaii
6 Oct. 22, 2010) (stating that although pro se complaint "is not a model of clarity," defendant bears burden
7 of persuading court that dismissal is warranted). Furthermore, "a motion to dismiss is not the
8 appropriate procedural vehicle to test the *merits* of Plaintiff's FAC and the claims asserted therein."
9 *Walker v. City of Fresno*, No. 1:09-cv-1667-OWW-SKO, 2010 WL 3341861, at *4 (E.D. Cal. Aug. 23,
10 2010) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Rather, on a motion to dismiss the
11 Court's review is limited to determining whether the factual allegations in the complaint state a plausible
12 claim for relief.

13 **B.     Fraud Claims**

14 Plaintiff's first and second claims for relief allege fraud. Specifically, Plaintiff alleges
15 Defendants committed fraud when they told him they would modify his loan only if he was in default
16 and only if they received authorization from the investors. Defendants argue these claims should be
17 dismissed for several reasons, most notably for failure to comply with Federal Rule of Civil Procedure
18 9(b).

19 A fraud-based pleading satisfies Rule 9(b) if it identifies "the who, what, when, where, and how"
20 of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The
21 allegations in the Complaint do not meet this standard. Although Plaintiff identifies Defendant BAC
22 Home Loans Servicing, L.P. as the Defendant that made the alleged fraudulent representations, he fails
23 to identify the individual or individuals that made those representations, or when, where or how those
24 representations were made. Absent compliance with Rule 9(b), Plaintiff's fraud claims must be
25 dismissed.

26 **C.     RESPA Claim**

27 In his third claim, Plaintiff alleges Defendants violated RESPA. Specifically, Plaintiff alleges
28 Defendants (1) paid illegal kickbacks and referral fees, (2) imposed improper and excessive charges and

fees, (3) failed to disclose certain fees and charges, (4) failed to disclose the amount financed, (5) failed to disclose the annual percentage rate, (6) failed to respond to a Qualified Written Request ("QWR") as required by 12 U.S.C. § 2605(e), and (7) failed to perform accurate accounting on Plaintiff's account. (Compl. ¶¶ 90-101.) Defendants argue this claim should be dismissed because (1) Plaintiff's claim is time-barred and (2) Plaintiff has failed to allege any actual damages.[1]

Plaintiff's RESPA claim appears to rely on violations of 12 U.S.C. §§ 2605 and 2607. Violations of § 2605 are subject to a three-year statute of limitations, and violations of § 2607 are subject to a one-year statute of limitations. 12 U.S.C. § 2614. It is unclear when the violation of § 2605 occurred. Therefore, the motion to dismiss that claim as untimely is denied. The conduct underlying the violation of § 2607 appears to arise out of the origination of the loan, which occurred on August 3, 2005. Thus, Plaintiff should have filed that claim on or before August 3, 2008. Because the present case was not filed until August 18, 2011, the claim for violation of § 2607 is untimely and must be dismissed.

On the issue of actual damages, the Court agrees with Defendants that Plaintiff has failed to plead that Defendants' alleged violation of § 2605 caused him to suffer any actual damage. Accordingly, the Court dismisses that claim, as well. *See Swanson v. EMC Mortgage Corp.*, No. CV F-09-1507 LJO DLB, 2009 WL 3627925, at *7 (E.D. Cal. Oct. 29, 2009) (stating failure to allege actual damages is fatal to RESPA claim).

**D.     Wrongful Foreclosure**

Plaintiff's fourth claim is for wrongful foreclosure. Specifically, Plaintiff appears to allege none of the Defendants have authority to foreclose on the Rosemont Street property. Defendants argue this claim should be dismissed because Plaintiff has failed to tender. The Court agrees, *see Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (citing *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal. App. 3d 1018, 1021-22 (1989)) (stating plaintiffs are required to allege tender

---

[1] Defendants also argue there is no private right of action for violation of § 2603. It is unclear whether Plaintiff is alleging a violation of that section, but to the extent he is, the Court agrees with Defendants that there is no private right of action for violation of that section. *See Bloom v. Martin*, 865 F.Supp. 1377, 1384 (N.D. Cal. 1994) (finding Congress did not intend to create private right of action for violation of § 2603).

1 ///

2 ///

3 of the amount of their indebtedness to maintain any claim for irregularity in the sale procedure), and thus

4 grants Defendants' motion to dismiss this claim.[2]

**E.   Declaratory Judgment**

Plaintiff's final claim is for declaratory judgment. Defendants argue this claim must be dismissed because all of Plaintiff's other claims are invalid. The Court agrees, and thus grants Defendants' motion to dismiss this claim, as well.

## III.

## CONCLUSION AND ORDER

For these reasons, the Court grants Defendants' motion to dismiss. In accordance with Plaintiff's request, Plaintiff is granted leave to file a First Amended Complaint that cures the pleading deficiencies set out in this Order. Plaintiff is cautioned that if his First Amended Complaint does not cure these deficiencies, his claims will be dismissed with prejudice and without leave to amend. The First Amended Complaint shall be filed on or before February 17, 2012.

**IT IS SO ORDERED**.

DATED: February 2, 2012

_____
HON. DANA M. SABRAW
United States District Judge

---

[2] Plaintiff's failure to tender also warrants dismissal of his quiet title claim.